UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| CARRIEANNE BERRINGER, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 4:14CV00260 ERW |
| | ) | |
| JPMORGAN CHASE BANK, N.A., | ) | |
| | ) | |
| Defendant. | ) | |

## MEMORANDUM AND ORDER

This matter comes before the Court on Defendant JPMorgan Chase Bank, N.A.'s Motion to Dismiss Plaintiff's Petition [ECF No. 9].

**I.  BACKGROUND**

Plaintiff CarrieAnne Berringer initiated this lawsuit by filing a Petition in the Circuit Court of the County of St. Louis on September 17, 2013. On February 13, 2014, Defendant JPMorgan Chase Bank, N.A. removed the Petition to this Court pursuant to 28 U.S.C. §§ 1332, 1441 and 1446. On March 6, 2014, Defendant filed the pending Motion to Dismiss Plaintiff's Petition [ECF No. 9], for failure to state a claim upon which relief can be granted pursuant to Federal Rule of Civil Procedure (FRCP) 12(b)(6). In her Response to Defendant's Motion to Dismiss Plaintiff's Petition [ECF No. 18], Plaintiff does not substantively respond to Defendant's arguments in favor of dismissal, but instead proffers her Amended Petition for Breach of the Covenant of Good Faith and Fair Dealing and by Wrongful Foreclosure (Amended Petition) [ECF No. 18-1]. Therefore, for purposes of this Motion to Dismiss, the Court accepts as true the following facts alleged in Plaintiff's Amended Petition. *Great Rivers Habitat Alliance v. Fed. Emergency Mgmt. Agency*, 615 F.3d 958, 988 (8th Cir. 2010).

In April 2009, Plaintiff and Defendant entered into a Promissory Note and Deed of Trust, in which Plaintiff obtained a loan from Defendant secured by her real property in St. Louis County, Missouri. In 2010, due to financial difficulties, Plaintiff requested a loan modification from Defendant.[1] Defendant advised Plaintiff she must default on her loan to qualify for a modification, and, therefore, she should cease making payments. Plaintiff accordingly stopped making payments, and subsequently applied for a loan modification. In May 2012, while the application for loan modification was still pending, Defendant initiated foreclosure proceedings and sent a Notice of Trustee's Sale to Plaintiff. Plaintiff alerted Defendant to her pending application, and Defendant cancelled the foreclosure.

In March 2013, the application remained pending, and Defendant again initiated foreclosure proceedings. Defendant sent a Notice of Trustee's sale, with a sale date of April 3, 2013, to Plaintiff's counsel, but not to Plaintiff. On March 28, 2013, Defendant sent a letter to Plaintiff's counsel,[2] denying the loan modification application.

In her Amended Petition, Plaintiff alleges "the terms of the Promissory Note and Deed of Trust . . . were modified by [Defendant's] offer [of] a possible loan modification and accepted by [Plaintiff] by her written application for a loan modification." ECF No. 18-1 at ¶ 13. She further alleges Defendant's "action in filing a second foreclosure action while [Plaintiff's] application was pending violated [Defendant's] duty of good faith and fair dealing to [Plaintiff] by wrongfully interfering with [Plaintiff's] and [Defendant's] intent to modify her loan and by

---

[1] The Amended Petition actually states "Defendant requested a loan modification for the Promissory Note from Chase." ECF No. 18-1 at ¶ 3. As this allegation is inconsistent with any conceivable fact, the Court construes this statement as an allegation that Plaintiff, not Defendant, sought a loan modification.

[2] Again, the Amended Petition confuses the terms "Defendant" and "Plaintiff," stating, "That on or about March 28, 2013, Chase mailed a letter to Defendant denying the loan modification application, however Chase did not mail the letter to her address at 4593 Thicket, but instead mailed it to the address of her attorney." ECF No. 18-1 at ¶ 12.

evading the spirit of the transaction to modify the Promissory Note." ECF No. 18-1 at ¶ 14. Finally, she states Defendant's violation of its duty of good faith and fair dealing prohibited her from "secur[ing] a loan to cure the default and [she] therefore lost her residence to foreclosure[.]" ECF No. 18-1 at ¶ 15. Plaintiff seeks both damages and equitable relief, in that she asks the Court to restore her as fee owner to the real property at issue. Defendant now moves to dismiss Plaintiff's claims for failure to state a claim upon which relief can be granted under FRCP 12(b)(6).

**II.    STANDARD**

Under FRCP 12(b)(6), a party may move to dismiss a claim for "failure to state a claim upon which relief can be granted." The notice pleading standard of FRCP 8(a)(2) requires a plaintiff to give "a short and plain statement showing that the pleader is entitled to relief." To meet this standard and to survive a FRCP 12(b)(6) motion to dismiss, "a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotations and citation omitted). This requirement of facial plausibility means the factual content of the plaintiff's allegations must "allow[] the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Cole v. Homier Distrib. Co.*, 599 F.3d 856, 861 (8th Cir. 2010) (quoting *Iqbal*, 556 U.S. at 678). Courts must assess the plausibility of a given claim with reference to the plaintiff's allegations as a whole, not in terms of the plausibility of each individual allegation. *Zoltek Corp. v. Structural Polymer Group*, 592 F.3d 893, 896 n.4 (8th Cir. 2010) (internal citation omitted). This inquiry is "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Iqbal*, 556 U.S. at 679. The Court must grant all reasonable

inferences in favor of the nonmoving party. *Lustgraaf v. Behrens*, 619 F.3d 867, 872-73 (8th Cir. 2010).

## III. DISCUSSION

The Amended Petition raises potential claims for breach of contract, breach of the covenant of good faith and fair dealing, and wrongful foreclosure. Defendant moves to dismiss all of these claims, and for reasons stated *infra*, the Court will do so.

### A. *Breach of Contract*[3]

First, Defendant contends any breach of contract purportedly alleged by Plaintiff should be dismissed, because Plaintiff has failed to plead facts sufficient to support a claim for breach of contract. The Court agrees. Under Missouri law, "[a] breach of contract action includes the following essential elements: (1) the existence and terms of a contract; (2) that plaintiff performed or tendered performance pursuant to the contract; (3) breach of the contract by the defendant; and (4) damages suffered by the plaintiff." *Keveney v. Mo. Military Acad.*, 304 S.W.3d 98, 104 (Mo. 2010) (en banc). An examination of the Amended Petition – and, for that matter, the original Petition – reveals no facts regarding the terms of a contract,[4] no allegations concerning Plaintiff's performance or tender of performance, and no allegation of breach. In any event, although Plaintiff has failed to expressly clarify whether she desires to sue for breach of contract, the Court can only assume she abandoned any such claim by changing the name of the original Petition from "Breach of Agreement" to "Amended Petition for Breach of Covenant of

---

[3] The Court addresses a potential breach of contract claim only because the original Petition is titled "Breach of Agreement." Nothing else in either Petition suggests Plaintiff is asserting a breach of contract claim.

[4] The Court liberally assumes Plaintiff asserts the Promissory Note and Deed of Trust as a contract, although Plaintiff has failed to make this point.

Good Faith and Fair Dealing and By Wrongful Foreclosure." Accordingly, to the extent Plaintiff attempts to assert a breach of contract claim, the Court will dismiss it with prejudice.

## B. *Breach of Covenant of Good Faith and Fair Dealing*

Second, Defendant contends the Court should dismiss Plaintiff's claim for breach of the covenant of good faith and fair dealing. Defendant states, because Plaintiff admits she ceased making payments on her loan, the Deed of Trust expressly permitted Defendant to initiate foreclosure proceedings, precluding liability under the covenant of good faith and fair dealing.

"Missouri law implies a covenant of good faith and fair dealing in every contract." *Farmers Elec. Coop., Inc. v. Mo. Dep't of Corr.*, 977 S.W.2d 266, 271 (Mo 1998) (en banc). "A party breaches the covenant of good faith and fair dealing if it exercises a judgment conferred by the express terms of the agreement in a manner that evades the spirit of the agreement and denies . . . the expected benefit of the agreement." *Glenn v. HealthLink HMO, Inc.*, 360 S.W.3d 866, 877 (Mo. App. E.D. 2012). Conversely, "[a]n implied covenant will not . . . be imposed where the parties expressly address the matter at issue in their contract." *State v. Nationwide Life Ins. Co.*, 340 S.W.3d 161, 194 (Mo. App. W.D. 2011).

Plaintiff clearly fails to state a claim for breach of the covenant of good faith and fair dealing. The Deed of Trust states Defendant may accelerate Plaintiff's debt if Plaintiff "defaults by failing to pay in full any monthly payment required by [the Deed of Trust] prior to or on the due date of the next monthly payment[.]"[5] ECF No. 10-1 at ¶ 9(a)(i). Additionally, it states, "If Lender requires immediate payment in full . . . , Lender may invoke the power of sale and any

---

[5] As Defendant notes, the Court may consider the Deed of Trust for purposes of this Motion, because it is a public record, and because it is necessarily embraced by Plaintiff's Amended Petition. *Noble Sys. Corp. v. Alorica Cent., LLC*, 543 F.3d 978, 982 (8th Cir. 2008) (In ruling on a motion to dismiss, a district court may consider "some public records, materials that do not contradict the complaint, or materials that are necessarily embraced by the pleadings.") (internal quotations omitted). Plaintiff has not disputed this point.

other remedies permitted by applicable law." ECF No. 10-1 at ¶ 18. In both of her Petitions, Plaintiff admits she "did stop making payments" in 2010. ECF Nos. 5 at ¶ 5, 18-1 at ¶ 5. The Deed of Trust makes clear Defendant had the right to accelerate Plaintiff's debt and foreclose under these circumstances.

In an apparent attempt to overcome these inadequacies, Plaintiff's Amended Petition states the parties modified their agreement when Defendant "offer[ed] a possible loan modification" and Plaintiff accepted by applying for a loan modification. ECF No. 18-1 at ¶ 13. This allegation, however, misses the mark. Nothing in the Amended Petition – or, for that matter, the original Petition – alleges Defendant agreed to modify its right to accelerate and foreclose. Likewise, nothing in either Petition suggests Defendant gave any sort of assurance it would forbear from exercising the acceleration clause if Plaintiff ceased making payments. Aside from Plaintiff's conclusory allegations of offer and acceptance to modify the agreement, the Amended Petition merely alleges Defendant advised Plaintiff she would not qualify for a loan modification until she defaulted on her payments. Nothing about this contention demonstrates the requisite "mutual assent" to modify the contract terms. *Eiman Bros. Roofing Sys., Inc. v. CNS Int'l Ministries, Inc.*, 158 S.W.3d 920, 922 (Mo. App. W.D. 2005). In any event, "[m]odification of a contract is enforceable only if . . . supported by consideration[,]" *Id.*; Plaintiff has failed to allege consideration for any purported contract modification.

Therefore, the Court concludes Plaintiff has failed to sufficiently allege a claim for breach of the covenant of good faith and fair dealing, and this claim will be dismissed without prejudice.

### C. *Wrongful Foreclosure*

Defendant maintains Plaintiff's wrongful foreclosure claim should be dismissed for several reasons. Specifically, Defendant argues it had a right to foreclose, because Plaintiff admits she was in default on her loan, and she failed to tender the amount due. Additionally, Defendant contends Plaintiff concedes she had notice of the foreclosure sale, because she admits her counsel received notice. Finally, Defendant claims Plaintiff lacks standing to sue for wrongful foreclosure under Missouri law, because she no longer has rights in the property at issue.

At the outset, the Court is not convinced by Defendant's standing argument. In Missouri, "[t]o have standing, the party seeking relief must have a legally cognizable interest and a threatened or real injury." *Manzara v. State*, 343 S.W.3d 656, 659 (Mo. 2011) (en banc). Here, Plaintiff alleges she "is the rightful owner of the [p]roperty because the foreclosure was unlawful and [s]he has been prejudiced because [s]he has lost h[er] home." *Barnes v. Fed. Home Loan Mortg. Corp.*, No. 5:12CV06062 DGK, 2013 WL 1314200, at *3 (Mo. W.D. Mar. 28, 2013), *aff'd*, 2014 WL 67894, __ Fed. Appx. __ (8th Cir. Jan. 9, 2014). Therefore, Plaintiff has standing and the Court will hear her claims. *Id.*

Plaintiff seeks both equitable relief and damages. Under Missouri law, "what constitutes a 'wrongful foreclosure' sufficient to set aside a sale and what constitutes a 'wrongful foreclosure' sufficient to recover damages in tort are not the same." *Dobson v. Mortg. Elec. Registration Sys., Inc./GMAC Mortg. Corp.*, 259 S.W.3d 19, 22 (Mo. App. E.D. 2008). Accordingly, the Court will examine Plaintiff's wrongful foreclosure claim under both actions available under Missouri law.

1. Wrongful Foreclosure at Law

"An action in wrongful foreclosure for damages lies only where the mortgagee does not have the right to foreclose at the time the foreclosure proceedings were commenced." *Reliance Bank v. Musselman*, 403 S.W.3d 147, 149 (Mo. App. E.D. 2013). In other words, no wrongful foreclosure action for damages will lie where the mortgagee had a right to foreclose. *Dobson*, 259 S.W.3d at 22. "Thus, a party seeking damages for wrongful foreclosure must plead and prove he or she was not in default, giving rise to the right to foreclose, at the time the foreclosure proceedings began." *Musselman*, 403 S.W.3d at 149.

In the instant case, Plaintiff has not stated a claim for damages, because she failed to allege she was not in default at the time foreclosure proceedings began. In fact, both the original Petition and Amended Petition admit Plaintiff "did stop making payments" on her loan. ECF Nos. 5 at ¶ 5, 18-1 at ¶ 5. Therefore, Plaintiff's claim for wrongful foreclosure at law will be dismissed without prejudice.

2. Wrongful Foreclosure in Equity

"If the mortgagee did have the right to foreclose, but the sale was otherwise void or voidable, then the remedy is a suit in equity to set the sale aside." *Dobson*, 259 S.W.3d at 22. "Failure to provide notice of a foreclosure sale to owners of the foreclosed property is a substantial defect sufficient to render the sale void and prevent the transfer of title in the property." *Williams v. Kimes*, 996 S.W.2d 43, 45 (Mo. 1999) (en banc). Missouri Revised Statute § 443.325.3 requires a foreclosing mortgagee, initiating foreclosure under a power of sale,[6] to mail notice "not less than twenty days prior to the scheduled date of the sale . . . [t]o the mortgagor . . . named in the deed of trust at the foreclosing mortgagee's last known address for

---

[6] In the Deed of Trust, Plaintiff conveyed her property, in trust, with a power of sale. ECF No. 10-1 at 1.

said mortgagor[.]" That said, "[f]ailure to receive the foreclosure notice will not in and of itself condemn the foreclosure sale." *Woolsey v. Bank of Versailles*, 951 S.W.2d 662, 667 (Mo. App. W.D. 1997). Rather, "[i]t is only necessary that the notice be mailed to the last address of the mortgagor known to the mortgagee." *IPI Liberty Vill. Assocs. V. Spalding Corners Assocs.*, 751 S.W.2d 120, 124 (Mo. App. W.D. 1988).

Defendant argues the equitable claim should be dismissed, because Plaintiff admits she defaulted on her loan, and failed to tender the amount due. The Court is not persuaded by this argument. In the cases cited by Defendant, district courts dismissed equitable claims for wrongful foreclosure because the plaintiffs failed to sufficiently allege the foreclosure sales were void or voidable. *See Morris v. Wells Fargo Home Mortg.*, No. 4:11CV1452 CEJ, 2011 WL 3665150, at *2 (E.D. Mo. Aug. 22, 2011) (finding mortgagor had "not alleged any facts that would tend to show a defect in the process or execution of the foreclosure"); *Kulovic v. BAC Home Loans Servicing, L.P.*, No. 4:10CV2058 CAS, 2011 WL 1483374, at **9-10 (E.D. Mo. Apr. 19, 2011) (dismissing claim in equity for failure "to allege sufficiently fraud, unfair dealing, or mistake was involved in trustee's sale"); *White v. BAC Home Loan Servicing, L.P.*, No. 4:10CV2094 CAS, 2011 WL 1483901, at **9-10 (E.D. Mo. Apr. 19, 2011) (dismissing claim in equity for failure "to allege sufficiently fraud, unfair dealing, or mistake was involved in trustee's sale"); *Ice v. IB Prop. Holdings, LLC*, No. 09-3232-CV-S-GAF, 2010 WL 1936175, at **3-4 (W.D. Mo. May 13, 2010) (finding mortgagor only generally argued foreclosure proceedings were fraudulent).

Unlike Plaintiff in the instant case, none of the mortgagors in Defendant's cited cases alleged they failed to receive proper notice of foreclosure – a defect the Supreme Court of Missouri has specifically held sufficient to void a foreclosure sale. *Kimes*, 996 S.W.2d at 45

(holding foreclosure sale should be set aside where mortgagee failed to comply with § 443.325.3). By alleging Defendant failed to mail a Notice of Trustee's Sale to Plaintiff, Plaintiff alleges Defendant violated § 443.325.3, which, under Missouri law, is a "substantial defect sufficient to render the sale void and prevent the transfer of title in the property." *Id.*

This, however, does not end the inquiry. Failure to comply with § 443.325.3 does not void the foreclosure sale in every case. "Statutes that impose certain technical requirements for notice should not be strictly enforced where the party seeking enforcement had actual notice and cannot show prejudice as a result of the failure to follow the technical requirements." *Macon-Atlanta State Bank v. Gall*, 666 S.W.2d 934, 940 (Mo. App. W.D. 1984) (finding violation of § 443.325.3 did not require sale to be set aside, because evidence showed mortgagors' attorneys had knowledge of impending sale and shared this knowledge with their clients). Plaintiff fails to allege Defendant's purported violation of § 443.325.3 caused her to lack actual notice of the foreclosure sale and prejudiced her. This is particularly problematic, because Plaintiff admits her attorney received a Notice of Trustee's Sale; "where a client employs a lawyer to represent the client in a particular matter, knowledge of the lawyer about the matter, acquired in the course of the lawyer's employment, is generally imputed to the client." *Fitzgerald v. State ex rel. Adamson*, 987 S.W.2d 534, 536 (Mo. App. S.D. 1999). In light of these pleadings, and drawing on judicial experience and common sense, the Court finds Plaintiff has failed to "plausibly" plead facts establishing a substantial defect sufficient to void the property sale. *Iqbal*, 556 U.S. at 678-79. Where a complaint "pleads facts that are merely consistent with . . . liability, it stops short of [the] line between possibility and plausibility of entitlement to relief." *Barnes*, 2014 WL 67894, at *1 (summarizing *Iqbal*, 556 U.S. at 678).

Moreover, the Court has difficulty determining whether Plaintiff even desires to pursue

an equitable claim for lack of proper notice. Aside from pleading Defendant failed to mail a Notice of Trustee's Sale to Plaintiff, the Amended Petition fails even to mention § 443.325.3, or state Defendant failed to follow proper notice procedures. In fact, while the original Petition states Defendant "failed to provide proper notice to [Plaintiff] of the Notice of Sale and therefore the foreclosure was improper," ECF No. 5 at ¶ 14, this allegation was removed in the Amended Petition, which apparently hinges on the covenant of good faith and fair dealing. This leads the Court to conclude Plaintiff intended to abandon this claim, and the equitable wrongful disclosure claim will be dismissed without prejudice.

Accordingly,

**IT IS HEREBY ORDERED** that Defendant JPMorgan Chase Bank, N.A.'s Motion to Dismiss Plaintiff's Petition [ECF No. 9] is **GRANTED.**

**IT IS FURTHER ORDERED** that Plaintiff CarrieAnne Berringer's breach of contract claim shall be **DISMISSED, with prejudice.**

**IT IS FURTHER ORDERED** that Plaintiff CarrieAnne Berringer's breach of covenant of good faith and fair dealing shall be **DISMISSED, without prejudice.**

**IT IS FURTHER ORDERED** that Plaintiff CarrieAnne Berringer's claim at law for wrongful foreclosure shall be **DISMISSED, without prejudice.**

**IT IS FURTHER ORDERED** that Plaintiff CarrieAnne Berringer's claim in equity for wrongful foreclosure shall be **DISMISSED, without prejudice.**

Dated this  28th  Day of April, 2014.

                                                            E. RICHARD WEBBER
                                                            SENIOR UNITED STATES DISTRICT JUDGE